KATHLEEN BALES-LANGE, #094765
County Counsel for the County of Tulare
TERESA M. SAUCEDO, # 093121
Chief Deputy County Counsel
2900 West Burrel, County Civic Center
Visalia, California 93291
Phone: (559) 636-4950
Fax: (559) 737-4319
E-mail: tsaucedo@co.tulare.ca.us

Attorneys for County of Tulare

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| BEN VELASQUEZ<br><br>    Plaintiff,<br><br>    vs.<br><br>CITY OF TULARE, A MUNICIPAL CORPORATION, AND DOES 1-10, INCLUSIVE<br><br>    Defendants. | Case Number: 1:12-CV-00819 LJO-BAM<br><br>STIPULATED PROTECTIVE ORDER; ORDER THEREON |

On July 27, 2012, Plaintiff sent a subpoena to the Tulare County Sheriff's Department ("Department") requesting that the Department produce certain documents pertaining to the Department's investigation of a February 2, 2012 incident in which Plaintiff, Ben Velasquez was shot by an officer of the City of Tulare's Police Department. The Department has agreed to provide the requested information with the stipulation of a protective order.

## **PROTECTIVE ORDER**

In order to preserve and maintain the confidentiality of certain documents and information to be produced by the TULARE COUNTY SHERIFF'S DEPARTMENT in the above-captioned matter or otherwise made available by the County, it is hereby ordered that:

1.      The Department has been asked to produce certain documents that the Department contends are confidential. All parties and their clients agree that any material reflecting confidential information contained in those documents produced shall not be disclosed or permitted to be disclosed to anyone other than those individuals or entities bound by this Stipulated Protective Order (the "Protective Order').

2.      The Protective Order governs the treatment and handling of all confidential information and documents including witness addresses, telephone numbers, identifying information such as social security numbers or employee identification numbers or status as confidential informants whether contained in written, recorded, electronic or graphic matter produced to the parties in this action, pending in the United States District Court, Fresno Division, Case Number: 1:12-CV-00819 LJO-BAM ("Action").

3.      All documents or information furnished by the Department which are confidential and privileged information shall be furnished by clearly labeling such material indicating it is being produced pursuant to the Protective Order. The labeling of a document shall be placed on the document in a manner that will not interfere with its legibility. Labeling the document as confidential on the first page will be sufficient to include all pages of the document within the Protective Order.  Labeling the label of an electronic disc (cd or dvd) or a videotape as confidential will be sufficient to include all material included in the disc or videotape within the Protective Order.

4.      Material designated as confidential pursuant to the Protective Order shall be used by a party receiving such material solely for purposes of this litigation and for no other purpose. Under no circumstances shall the party receiving such material disclose it to persons other than the following:

    a.      Hector Suarez, Esq., and associate attorneys in the offices of each, as counsel for Plaintiff;

    b.      Paralegal, clerical and secretarial personnel regularly employed by counsel referred to in subparts (a), including stenographic deposition reporters or videographers retained in connection with this action;

    d.      The Court and court personnel;

    e.      Any expert, consultant or investigator retained in connection with this action;

    f.      The finder of fact at the time of trial subject to the court's ruling on in limine motions and objections of counsel for any party;

    g. Witnesses during their depositions in this action or during the trial of this action.

  5. Prior to the disclosure of any Confidential information to any person identified in paragraph 4 and its subparts, each such recipient of Confidential information shall be provided with a copy of this Stipulated Protective Order, which he or she shall read. Upon reading this Stipulated Protective Order, such person shall acknowledge in writing that he or she has read this Stipulated Protective Order and shall abide by its terms. Such person also must consent to be subject to the jurisdiction of the United States District Court for the Eastern District of California, including without limitation any proceeding for contempt. Provisions of this Stipulated Protective Order, insofar as they restrict disclosure and use of the material, shall be in effect until further order of this Court. Plaintiff shall be responsible for internally tracking the identities of those individuals to whom copies of documents marked Confidential are given. The Department may request the identities of said individual upon the final termination of the litigation or if it is able to demonstrate a good faith basis that Plaintiff, or an agent thereof, has breached the terms of the Stipulated Protective Order.

  7. All documents or materials designated as "Confidential" pursuant to this Stipulated Protective Order, and all papers or documents containing information or materials designated as "Confidential" that are filed with the Court for any purpose shall be filed and served under seal, with the following statement affixed to the document or information provided that it does not materially obstruct or obliterate the contents:

 "Ben Velasquez, et al, Plaintiff, v. City of Tulare; et al. Defendants. United States District Court, Fresno Division, Case Number: 1:12-CV-00819 LJO-BAM- CONFIDENTIAL- This envelope contains documents or other material designated as "Confidential;" it shall not be opened nor the contents thereof displayed or revealed except by Order of this Court"

 If a party wishes to file any "Confidential" documents or information with the Court, the party shall electronically file a Request to Seal Documents pursuant to local Rule 141 and shall otherwise comply with the requirements of Rule 141.

  8. The parties reserve their right to challenge the propriety of the designation of a given document as confidential. If any party elects to challenge in good faith the designation of confidentiality of any document or information pursuant to and as contemplated by the Protective Order, the parties shall notify the Department of its challenge and the rationale supporting that challenge in writing. Within thirty (30) days of the receipt of such written notice, during which time

the parties shall meet and confer in good faith to resolve the dispute, the Department must either voluntarily remove the confidential designation or advise the challenging party that it will not remove the confidential designation and seek appropriate relief from the Court to enforce the confidential designation pursuant to the Protective Order. All documents, testimony or other materials designated by the Department as confidential, however, shall retain their confidential status until such time as this Court enters an order otherwise.

9. Any privilege which would otherwise be applicable to the confidential material being produced is not waived by the production of such material, and all parties are free to object to the admissibility of such confidential material at trial on the grounds of any such privilege. Furthermore, this production will not bar the assertion of any such privilege at a later date with respect to similar or related materials. Further, neither this Order nor the designation of any item as confidential shall be construed as an admission that such material, or any testimony with respect to such material in a deposition or otherwise, would be admissible as evidence in this litigation or in any other proceeding.

10. Within ninety (90) days of the conclusion of the litigation against all parties, the parties shall return all documents and materials produced to them or others pursuant to the terms of the Protective Order, and all copies, however maintained, shall be returned to counsel of record for the Department. Alternatively, the receive party may destroy such documents and materials and certify the destruction to the Department in writing within ninety (90) days of the conclusion of the litigation against all parties.

11. No party nor their respective counsel, experts or other persons retained by them to assist in the preparation of this action shall under any circumstances sell, offer for sale, trade or barter, offer for trade or barter or give away, share advertise or publicize either the contents of Confidential Materials or the fact that the Department has produced Confidential Materials in this case.

12. Following termination of this litigation, the provisions of the Protective Order relating to the confidentiality of protected documents and information shall continue to be binding, except with respect to documents or information which are no longer confidential. This Court retains jurisdiction over all persons provided access to confidential documents or information for enforcement of the provisions of the Protective Order following termination of the Action against the defendants.

Dated:  October 19, 2012	KATHLEEN BALES-LANGE
	Tulare County Counsel


	 By /s/ Teresa M. Saucedo
	Teresa M. Saucedo
	Chief Deputy County Counsel
	Attorneys for Tulare County Sheriff's Department




Dated: October 19, 2012	/s/ Hector Suarez
	Hector Suarez,
	Attorney for Plaintiff




## ORDER

The parties' Stipulated Protective Order is approved.


IT IS SO ORDERED.

   Dated:   **October 24, 2012**	          /s/ *Barbara A. McAuliffe*
	UNITED STATES MAGISTRATE JUDGE