IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BEN VELASQUEZ,<br><br>　　　　　Plaintiff,<br>　　vs.<br>CITY OF TULARE, et al.,<br>　　　　　Defendants.　　　　　／ | CASE NO. CV F 12-0819 LJO BAM<br><br>**ORDER TO DENY EXTENSION OF DATES**<br>(Doc. 16.) |

　　　　The parties request a 90-day extension of discovery, motion and trial dates set by the July 25, 2012 scheduling order ("scheduling order"). The parties point to discovery difficulties, trials in other actions, and vacation plans. The parties propose an unworkable dispositive motion, pretrial conference and trial schedule which inordinately burdens U.S. District Judge Lawrence J. O'Neill to the detriment of other litigants and actions.

　　　　Pursuant to F.R.Civ.P. 16(b)(3)(A), district courts must enter scheduling orders to establish deadlines for, among other things, to "complete discovery, and file motions." Scheduling orders may also "set dates for pretrial conferences and for trial." F.R.Civ.P. 16(b)(3)(B)(v). "A schedule may be modified only for good cause and with the judge's consent." F.R.Civ.P. 16(b)(4). The scheduling order "controls the course of the action unless the court modifies it." F.R.Civ.P. 16(d).

　　　　Scheduling orders "are the heart of case management," *Koplve v. Ford Motor Co.*, 795 F.2d 15, 18 (3rd Cir. 1986), and are intended to alleviate case management problems. *Johnson v. Mammoth*

*Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir. 1992). A "scheduling conference order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded without peril." *Johnson*, 975 F.2d at 610. In *Johnson*, 975 F.2d at 609, the Ninth Circuit Court of Appeals explained:

> . . . Rule 16(b)'s "good cause" standard primarily concerns the diligence of the party seeking the amendment. The district court may modify the pretrial schedule "if it cannot reasonably be met despite the diligence of the party seeking the extension." Fed.R.Civ.P. 16 advisory committee's notes (1983 amendment) . . . Moreover, carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief. . . . [T]he focus of the inquiry is upon the moving party's reasons for seeking modification. . . . If that party was not diligent, the inquiry should end.

Parties must "diligently attempt to adhere to that schedule throughout the subsequent course of the litigation." *Jackson v. Laureate, Inc.*, 186 F.R.D. 605, 607 (E.D. Cal. 1999); *see Marcum v. Zimmer*, 163 F.R.D. 250, 254 (S.D. W.Va. 1995). In addressing the diligence requirement, this Court has noted:

> Accordingly, to demonstrate diligence under Rule 16's "good cause" standard, the movant may be required to show the following: (1) that she was diligent in assisting the Court in creating a workable Rule 16 order, *see In re San Juan Dupont*, 111 F.3d at 228; (2) that her noncompliance with a Rule 16 deadline occurred or will occur, notwithstanding her diligent efforts to comply, because of the development of matters which could not have been reasonably foreseen or anticipated at the time of the Rule 16 scheduling conference, *see Johnson*, 975 F.2d at 609; and (3) that she was diligent in seeking amendment of the Rule 16 order, once it became apparent that she could not comply with the order, *see Eckert Cold Storage*, 943 F.Supp. at 1233.

*Jackson*, 186 F.R.D. at 608.

Moreover, this Court's Local Rule 144(d) provides:

> Counsel shall seek to obtain a necessary extension from the Court or from other counsel or parties in an action as soon as the need for an extension becomes apparent. Requests for Court-approved extensions brought on the required filing date for the pleading or other documents are looked upon with disfavor.

The parties demonstrate neither good cause nor diligence to extend dates. A scheduling conference was conducted 10 months ago which culminated in the scheduling order. Discovery, motion and trial dates were set with the parties' input. At the time of the scheduling conference, counsel were obligated to advise the Magistrate Judge of foreseeable scheduling problems and recommendations to address them. The parties fail to demonstrate diligence and development of matters which could not have been reasonably foreseen or anticipated at the time of the scheduling conference. This action has been pending for more than a year. Certainly, the parties were aware of it when vacations were planned and other actions were set for trial. The current schedule has been in place for 10 months during which

the parties have known of looming deadlines.  The parties fail to explain how extending dates will facilitate diligent resolution of this action.

Putting aside the absence of good cause, this action's schedule was crafted to maximize limited judicial resources and to best manage Judge O'Neill's burdensome caseload approaching 2,000 cases. Judge O'Neill is unable to reset dates to suit the parties' whim.  Resetting dates as requested by the parties would jeopardize Judge O'Neill's case management and would devote inordinate resources to this action at the expense of other actions and litigants.  The parties proposed dispositive motion, pretrial conference, and trial schedule provide Judge O'Neill insufficient time to rule on a dispositive motion and prepare for the pretrial conference and trial.  This Court requires submission of dispositive motions no less than 60 days before trial and a pretrial conference no less than 45 days before trial.  The parties' proposed dates fail to provide Judge O'Neill such courtesy.

Resetting dates in this action can be accomplished if, and only if, the parties consent to the conduct of all further proceedings by one of this Court's U.S. Magistrate Judges.   The Magistrate Judges' availability is far more realistic and accommodating to parties than that of Judge O'Neill, who must prioritize criminal and older civil cases over more recently filed civil cases.  If the parties consent to Magistrate Judge jurisdiction, the reassigned magistrate judge can reset dates to accommodate the parties.

Moreover, civil trials set before Judge O'Neill trail until he becomes available and are subject to suspension mid-trial to accommodate criminal matters. Civil trials are no longer reset to a later date if Judge O'Neill is unavailable on the original date set for trial.  If a trial trails, it may proceed with little advance notice, and the parties and counsel may be expected to proceed to trial with less than 24 hours notice.  Also, this Court's Fresno Division randomly and without advance notice reassigns civil actions to U.S. District Judges throughout the nation to serve as visiting judges. In the absence of Magistrate Judge consent, this action is subject to reassignment to a District Judge from outside the Eastern District of California.

On the basis of good cause, this Court:

1. DENIES the parties' requested extension of discovery, motion and trial dates:

2. ORDERS the parties to consider, and if necessary, to reconsider, consent to Magistrate

1 | Judge jurisdiction; and
2 | 3. ORDERS the parties' counsel, no later than June 4, 2013, to file and serve papers to
3 | indicate whether each party consents to Magistrate Judge jurisdiction. Magistrate Judge
4 | consent forms are available on this Court's website.

The parties and counsel are encouraged to contact United States Senators Diane Feinstein and Barbara Boxer to address inability to accommodate the parties and this action. For further information regarding handling of this action, the parties may contact staff attorney Gary Green at (559) 499-5683 or email him at ggreen@caed.uscourts.gov.

IT IS SO ORDERED.

**Dated:   May 24, 2013**            /s/  Lawrence J. O'Neill
                                    UNITED STATES DISTRICT JUDGE